THE STATE (Inhabitants of Washington, Pros.,) v. AARON HOWELL.

1. If a *certiorari* is directed to a party who has not the custody of the record, it will be dismissed. No one else has any legal authority to make the return, and a return made without authority is no return.

2. After Commissioners of Appeal, in cases of taxation, have given their decision, and returned the duplicate, with a certificate thereof, to the collector, the assessment or adjudication is not in their custody, nor can they be removed by a *certiorari* directed to the Commissioners of Appeal.

This was a motion to dismiss a *certiorari* directed to the Commissioners of Appeal, to remove the assessment of taxes, and their adjudication thereon.

Argued before Justices OGDEN and POTTS, by Mr. *Dalrymple* for plaintiff in *certiorari*, and Mr. *Diltz* for defendant.

POTTS, J. In 1850, a *double tax* was assessed against Howell, by the assessor of the township of Washington, on the alleged ground that Howell had rendered a false account of his ratable estate. *Rev. Stat.* 1004, § 2. Howell appealed, and the Commissioners of Appeal gave judgment in favor of the appellant, and reduced the assessment to one-half the amount, and thereupon this *certiorari* is brought.

A motion is now made to dismiss the writ on the ground, among others, that it is improperly directed to the Commissioners of Appeal. The record sought to be brought up by this *certiorari*, is the assessment of tax made by the assessor against Howell, and the judgment of the commissioners thereon, &c. The commissioners return, among other things, that after hearing the said appeal, they gave judgment in favor of the appellant, &c., which said judgment was reduced to writing, and entered in said duplicate, and that they delivered over the said duplicate to the collector of the township of Washington aforesaid, according to law, that the taxes of said township might by him be collected according to law, "since which time neither the said assessment nor our judgment thereon, nor any thing touching the same re-

mains in our hand, possession or custody; but annexed hereto, we send a *copy* of our judgments, as they now appear upon the said duplicate in the collector's possession, from whom we have procured said copy of our judgments, in the words and figures following, to wit : " (here follows a copy of the judgment,) and then two of the commissioners further certify, " that the said assessment upon the said Aaron Howell, was made out and contained in the duplicate of assessments, now in the hands, possession and custody of the collector aforesaid, from whom we have procured the same to send to the Supreme Court, as follows : " (here follows a copy of the assessment.)

The writ must be dismissed. The *certiorari* should have been directed to the officer having the custody of the record sought to be removed by it. No one else has any legal authority to make the return required, and a return made without authority is no return. This has always been the law, and has been repeatedly adjudged so to be in this court. 4 *Vin. Abr.* 339, *Certiorari B.* 3, *pl.* 5; 2 *Green R.* 428, *Morris Canal* ads. *State*; 2 *Harr. R.* 160, *State* v. *Thomas.*

The attorney who brought this *certiorari* was misled by the case of *The State* v. *Faulkenburg,* 3 *Green* 320. But there this question was not raised.

Several other questions have been argued upon the brief of counsel, upon which it is unnecessary to give any opinion.

OGDEN, J., concurred.